IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,<br><br>**Appellant,**<br><br>v.<br><br>REDONDO CONSTRUCTION CORPORATION,<br><br>**Appellee.** | **CIVIL NO.** 10-1371 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge

Before the Court is appellant Puerto Rico Highway and Transportation Authority's ("PRHTA" or "appellant") motion for stay of execution of judgment. For the reasons discussed below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

**I. Procedural History**

On August 31, 2009, the United States Bankruptcy Court for the District of Puerto Rico issued individual judgments in Adversary Cases 03-0192, 03-0194, and 03-0195, finding appellant liable for respective amounts of $713,330.03, $10,402,099.66, and

Civil No. 10-1371 (FAB)                                                2

$912,874.23.[1]  (Docket No. 18 at 2.)  On March 4, 2010, appellant filed notices of appeal in the three adversary cases.  Id.  On March 5, 2010, appellee Redondo Construction Corporation ("appellee" or "Redondo") filed motions for the execution of the judgments in those cases.  Id.  On March 19, 2010, appellant filed with the Bankruptcy Court motions to stay the execution of those judgments pending appeal.  Id. at 3.  The Bankruptcy Court originally granted the requested stay without requiring appellant to post a supersedeas bond.  Id. at 4.  On reconsideration, however, the Bankruptcy Court amended its decision and made the stay conditional on appellant posting a supersedeas bond in the full amount of the judgments.  Id.  Appellant failed to file that bond, but filed several motions attempting to persuade the Bankruptcy Court to reconsider again and remove the bond requirement.  Id. at 5.  The Bankruptcy Court denied those motions and, as a result of appellant's failure, granted a renewed motion from Redondo for execution of the judgments.  Id.

On March 9, 2011, appellant filed a motion for stay of execution of the judgments with this Court, arguing that a stay is appropriate in this case, that a supersedeas bond should not be required, or, in the alternative, that the amount of the bond should be reduced and more time should be granted to appellant to

---

     [1]  Those judgments also awarded interest calculated from specific dates for each case.  (See Docket No. 18 at 2-3.)

Civil No. 10-1371 (FAB)                                                     3

post that bond.  (Docket No. 17.)  On March 22, 2011, appellee filed an opposition to appellant's motion.  (Docket No. 18.)

## DISCUSSION

### I. Issues Properly Raised

Appellant brings its motion pursuant to Federal Rule of Bankruptcy Procedure 8005, which provides that a motion requesting a stay of execution of judgment, "or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."  Appellant spends a significant amount of time in its motion arguing that a stay of execution of the judgments issued against it would be appropriate.  (See Docket No. 17.)  These arguments, however, are not properly before the Court.  An order granting a stay was, in fact, obtained.  The Bankruptcy Court found a stay of execution of the relevant judgments appropriate, and subsequently granted appellant's request for such relief.  (See Docket No. 17-6.)

The only reason that stay did not take effect was appellant's failure to comply with the Bankruptcy Court's directive conditioning the stay on the posting of a supersedeas bond.  Given the circumstances of appellant's failure to obtain a stay on its favored terms from the Bankruptcy Court, the only modification of relief properly requested by appellant relates to its arguments

Civil No. 10-1371 (FAB)                                                  4

regarding the propriety of the supersedeas bond required as a condition for the issuance of a stay of execution. (See Docket No. 17.) Accordingly, the Court proceeds to consider that issue.

## II. Imposition of a Supersedeas Bond

### A. Arguments regarding Garnishment

Appellant's argument that the requirement of a supersedeas bond constitutes an improper garnishment of public funds fails for three reasons. First, appellant relies entirely on Puerto Rico case law in the Spanish language. (See Docket No. 17.) It is well settled that parties who wish to rely on materials which are not in English must provide certified English translations of those materials. Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Accordingly, appellant has effectively submitted its arguments without supporting legal authority.

Second, the Court agrees with the Bankruptcy Court that the posting of a supersedeas bond does not actually constitute the type of garnishment described by appellant. (See Docket No. 17-6.) As explained correctly by the Bankruptcy Court, "the posting of a supersedeas bond is not equivalent to a garnishment which involves the taking of assets by the plaintiff without the defendant's consent, to ensure collection of a judgment." (Docket No. 17-6 at 5-6.) In the context of a supersedeas bond, appellant "is requesting a remedy; a stay pending appeal, and in order to obtain that, the Federal Rules of Civil Procedure require that if they

Civil No. 10-1371 (FAB)                                                      5

[sic] post a bond to secure the eventual collection of the judgment entered if they [sic] do not prevail on appeal." Id.  The former situation involves an action instituted by a plaintiff in the process of **actual** collection of a judgment. The latter, on the other hand, is action required of a defendant should he, she or it **choose** to request the temporary postponement of any **potential** collection of a judgment while issues are decided on appeal.  As such, appellant's characterization of a required supersedeas bond as "garnishment" is misplaced.

Third, even if, *arguendo*, posting a supersedeas bond could be considered "garnishment," the Bankruptcy Court pointed out that according to Puerto Rico law, the garnishment would only be inappropriate if, considering the circumstances of this particular case, "permitting a garnishment of public funds for an execution of a judgment would have the effect of interfering with the execution of its public functions which would prejudice all citizens of Puerto Rico."  (See Docket No. 17-6 at 6.)  The Bankruptcy Court found that the PRHTA failed to elucidate a basis "to determine that the posting of a supersedeas bond will seriously affect the public functions of [appellant]." Id.  Appellant achieves nothing more through its arguments to this effect in the motion presented in this Court.  It relies solely on the representation that requiring the PRHTA to post the supersedeas bond will divert those funds from potential public works projects.  (See Docket No. 17.)  Appellant

Civil No. 10-1371 (FAB)                                                     6
_____

provides no other concrete circumstances that actually demonstrate any serious potential injury to its public functions.  See id.

    **B. Entitlement to a Stay without Imposition of a Bond**

    Appellant also seems to argue that it is exempt from the traditional requirement of a supersedeas bond.  (See Docket No. 17 at 24-30.)  Although the First Circuit Court of Appeals has stated that "[c]ourts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy," appellant has not demonstrated that it satisfies either of these exceptions.  See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002) (citing Olympia Equipment Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)).  Appellant first argues that, as a public entity, it is incapable of avoiding judgment.  Id. at 25.  This argument as to appellant's clear ability to satisfy the judgments against it is fatally undermined, however, by appellant's constant refrain that the government of Puerto Rico is in a "historic fiscal crisis" and its repeated argument that posting a bond in the amount of the judgment would be an extreme hardship. (See Docket No. 17.)  Appellant's remaining arguments for relieving it of the bond requirement do not address its ability to pay any other creditors it may have, but rather focuses solely on its view of the hardships that would have to be endured by itself

Civil No. 10-1371 (FAB)                                                  7

or appellee, depending on the outcome of its request to reinstate the stay of execution of the judgment. See id. at 24-30. Thus, appellant has failed to establish that the circumstances of this case warrant either of the abovementioned exceptions to the bond requirement.

### C. Request to Lower Bond and Extend Time to Post that Bond

In the alternative, appellant requests that the Court "reduce the amount previously ordered by the Bankruptcy Court in order to stay the execution of judgment to an amount that will, in effect, maintain the *status quo* of the parties pending appeals and provide a practicable alternative that the PRHTA will be able to comply without suffering further irreparable harm." (Docket No. 17 at 27.) Appellant provides no suggestion, however, as to what that amount should be and provides the Court with no basis to determine an appropriate alternative supersedeas bond. See id. Given appellant's failure to give the Court a sufficient foundation to grant the relief requested, that relief is **DENIED**.

Appellant also requests that it be allowed an extension of time to post the supersedeas bond and fulfill the conditions necessary to invoke the stay originally found appropriate by the Bankruptcy Court. (Docket No. 17 at 27.) Although appellant has no one else but itself to blame for failing to comply with the conditions set by the Bankruptcy Court, certain circumstances in this case merit extending the time for appellant to meet those

Civil No. 10-1371 (FAB)                                                     8

conditions.  As recognized by the Bankruptcy Court, execution of the judgments would leave appellant without an adequate legal remedy to recover the amount of those judgments due to the insolvency of appellee.  (See Docket No. 17-3 at 3.)  Furthermore, it appears that any harm caused by the imposition of a stay of the execution of judgments pending appeal would be relatively slight. Id.  Considering these factors in conjunction with the Bankruptcy Court's determination that appellant has at least some likelihood of success on appeal, the Court will reinstate the stay of execution of judgment, **provided that appellant comply with the conditions set by the Bankruptcy Court in its October 28, 2010, order, including the requirement of the supersedeas bond specified in that order**, no later than May 2, 2011.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** appellant's motion to stay execution of the judgments pending appeal, (Docket No. 17).  The motion is **GRANTED** only insofar as appellant is allowed until May 2, 2011, to meet the conditions of the stay previously granted by the Bankruptcy Court.  Upon meeting those conditions, including posting the full amount of supersedeas bond set by the Bankruptcy Court, the Court will reinstate the stay of the judgments against appellant pending the resolution of its appeal.  In all other respects, the motion, (Docket No. 17), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 23, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE